IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY L. BROWN,

        Plaintiff,              No. 2:11-cv-0093 JFM (PC)

    vs.

J. McCULLOUGH, et al.,

        Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 28 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4  U.S.C. § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

9  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in

12  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

13  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.

15  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

16  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

17  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

18         A complaint, or portion thereof, should only be dismissed for failure to state a

19  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

21  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23  complaint under this standard, the court must accept as true the allegations of the complaint in

24  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

25  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

26  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1     In the complaint, plaintiff alleges that on January 1, 2009 and while housed at

2 High Desert State Prison ("HDSP"), he was shot in the head with a 44mm launcher by defendant

3 McCullough who was manning a tower at the D-Facility at HDSP.  Compl. at 3.  After the

4 incident, plaintiff was taken to the medical ward where he was photographed and interviewed by

5 defendants Priolo and Taylor-Thomas.  Id.  Plaintiff was initially treated at the medical ward by

6 Nurse Sabn[1] and defendant Nurse Manning, but was subsequently transferred to an external

7 hospital where he was treated for head trauma and where he underwent surgery on his eye and

8 head.  Id. at 3-4.  Plaintiff was released on January 2, 2009 and placed in Administrative

9 Segregation at HDSP.  Id. at 4.  On January 3, 2009, plaintiff contends he was interviewed by

10 defendant Micone, who initially denied that McCullough shot plaintiff in the head with the

11 44mm launcher and who then allegedly stated "You are lucky it was not the mini 14 that shot

12 your ass."  Id.  Lastly, plaintiff asserts that over the following seven weeks, he attempted to file

13 multiple grievances concerning the incidents at issue here, but he either received no response or

14 the appeals were improperly screened by HDSP staff.  Id.

15     Examination of the complaint reveals that plaintiff has failed to state a claim

16 against any defendant.  While it is true that federal courts have been instructed by the Supreme

17 Court  "to liberally construe the 'inartful pleading' of pro se litigants."  See Eldridge v. Block,

18 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364 (1982) (per

19 curiam), federal courts may not invent legal theories or factual allegations to support pro se

20 plaintiffs' claims.  While the complaint appears to state an Eighth Amendment excessive force

21 claim against defendant McCullough, the court notes the absence of any facts concerning the

22 circumstances of the incident challenged.  Furthermore, there are no factual allegations to

23 support a claim against any of the remaining defendants.

24 /////

25

26     [1] Nurse Sabn is not named as a defendant in this action.

3

1  Although the Federal Rules adopt a flexible pleading policy, a complaint must

2  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community

3  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

4  degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

5  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

6  complaint must be dismissed.  The court will, however, grant leave to file an amended

7  complaint.

8  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

9  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

10  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

11  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

12  there is some affirmative link or connection between a defendant's actions and the claimed

13  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

14  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

15  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

16  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17  In addition, plaintiff is informed that the court cannot refer to a prior pleading in

18  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

19  complaint be complete in itself without reference to any prior pleading.  This is because, as a

20  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

21  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

22  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

23  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24  In accordance with the above, IT IS HEREBY ORDERED that:

25  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4

1   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

2   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

3   Director of the California Department of Corrections and Rehabilitation filed concurrently

4   herewith.

5                3.  Plaintiff's complaint is dismissed.

6                4.  Within thirty days from the date of this order, plaintiff shall complete the

7   attached Notice of Amendment and submit the following documents to the court:

8                     a.  The completed Notice of Amendment; and

9                     b.  An original and one copy of the Amended Complaint.

10   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

11   Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

12   bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

13   file an amended complaint in accordance with this order may result in the dismissal of this

14   action.

15   DATED: March 15, 2011.

16

17                                        UNITED STATES MAGISTRATE JUDGE

18

19   /014;brow0093.14

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICKY L. BROWN,

11              Plaintiff,                      No. 2:11-cv-0093 JFM (PC)

12        vs.

13   J. McCULLOUGH, et al.,

14              Defendants.              NOTICE OF AMENDMENT

15   _____/

16        Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18        _____        Amended Complaint

19   DATED:

20

21                                        _____

22                                        Plaintiff

23

24

25

26