IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY L. BROWN,

        Plaintiff,                       No. 2:11-cv-0093 JFM (PC)

   vs.

J. McCULLOUGH, et al.,             ORDER AND

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is defendants' January 6, 2012 motion to dismiss for failure to exhaust administrative remedies.  Plaintiff opposes the motion.  Upon review of the motion, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        In the operative first amended complaint ("FAC"), plaintiff alleges that on January 1, 2009 and while housed at High Desert State Prison ("HDSP"), he was shot in the head with a 44mm launcher by defendant McCullough who was manning a tower at the D-Facility at HDSP.  FAC at 2.  Plaintiff was treated at an external hospital and, upon his return to HDSP, placed in administrative segregation.  Id. at 2-3.  Liberally construed, the FAC also alleges that

1

defendant Micone, who investigated the incident, attempted to cover it up by denying any wrongdoing on McCullough's part. Id. at 3.

This action was filed on January 10, 2011 and is proceeding on the FAC, which was filed on April 8, 2011. Defendants McCullough and Micone filed the instant motion to dismiss on January 6, 2012. On January 26, 2012, plaintiff filed his opposition. Defendants have not filed a reply.

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

On October 13, 2011, plaintiff received the notice required by Wyatt v. Terhune, 305 F.3d 1033 (9th Cir. 2002), for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. ("CCR"), tit. 15 § 3084.1 (2011). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.

1  Defendants move for dismissal of the FAC on the ground that plaintiff did not
2 exhaust his administrative remedies prior to filing suit.  Defendants submit evidence that plaintiff
3 did not submit any administrative grievances concerning the claims in this case.  See Clark
4 Decl., ¶¶ 3-4; Foston Decl., ¶¶ 7-9.  Based on the submitted evidence, defendants have met their
5 burden of demonstrating that plaintiff failed to exhaust administrative remedies prior to filing
6 this action. The burden thus shifts to plaintiff to rebut defendants' arguments.

7  In his opposition, plaintiff argues that he has exhausted his administrative
8 remedies.  He claims that he filed a grievance the day following the incident – January 2, 2009 –
9 and, failing to receive a response, submitted additional grievances and inmate requests to the
10 inmate appeals office. Opp'n at 3.  In support, plaintiff submits the following: (1) his
11 declaration, in which he asserts he exhausted his administrative remedies, Brown Decl., ¶ 2; (2)
12 an undated letter sent to an unidentified person regarding the claims at issue, Opp'n, Ex. A (Doc.
13 No. 26 at 14); (3) a letter dated May 5, 2009 from M.D. McDonald, Warden of HDSP; the letter
14 notes receipt of a March 29, 2009 letter written by plaintiff (the contents of which are
15 unspecified) and directs plaintiff to utilize the inmate appeal process to address any issues he
16 may have, id. at 13; and, lastly, (4) a grievance dated November 16, 2009 concerning the claims
17 at issue here, id. at 7-10.  The November 16, 2009 grievance was screened out on November 20,
18 2009 as untimely pursuant to CCR § 3084.6(c).  Id.  This grievance is stamped as having been
19 received on November 18, 2009 and December 15, 2009.  See id.

20  As an initial matter, the court finds plaintiff's evidence sufficient to rebut
21 defendants' claim that plaintiff failed to submit *any* grievances regarding the claims asserted
22 herein.  Specifically, the record shows that plaintiff's November 16, 2009 grievance was
23 stamped as received by the Inmate Appeals Branch both on November 18, 2009 and December
24 15, 2009.  See Opp'n, Ex. A (Doc. No. 26 at 7).  Thus, defendants' assertion that they did not
25 receive any grievances from plaintiff is contrary to the evidence before the court.
26 /////

4

1          Furthermore, plaintiff states that he filed an administrative grievance the day
2  following the alleged incident and assumed it was lost or misplaced when he failed to receive a
3  response.  Following his release from administrative segregation on February 11, 2009, plaintiff
4  avers that he submitted two more grievances, one of which is submitted here and which was
5  screened out on November 20, 2009.  See Opp'n at 3; Ex. A (Doc. No. 26 at 7-10).  Although at
6  first glance it appears that the opposition is not verified and, as such, should be treated as having
7  no evidentiary value, see Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006), it is evident upon
8  further review that plaintiff signed the entire consecutively-paged document (including his
9  declaration) under penalty of perjury.  See Opp'n at 5.  Thus, these statements are admissible as
10 they are sigmed under penalty of perjury and are based on personal knowledge.

11         Although the Ninth Circuit has not yet ruled on the issue, Ngo v. Woodford, 539
12 F.3d 1108, 1110 (9th Cir. 2008), there is authority for the proposition that if plaintiff submitted a
13 timely inmate appeal in compliance with the governing regulations and his appeal received no
14 response, he has satisfied the exhaustion requirement.  E.g., Moore v. Bennette, 517 F.3d 717,
15 725 (4th Cir. 2008); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba
16 v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006); Boyd v. Corrections Corp. of America, 380 F.3d
17 989, 996 (6th Cir. 2004); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004); Jernigan v. Stuchell,
18 304 F.3d 1030, 1032 (10th Cir. 2002); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002);
19 Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.
20 1999); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998); see also Mitchell v. Horn, 318
21 F.3d 523, 529 (3d Cir. 2003); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002); Miller v.
22 Norris, 247 F.3d 736, 740 (8th Cir. 2001).  At this juncture, plaintiff has submitted evidence that
23 raises a dispute over whether his attempts to exhaust were unsuccessful through no fault of his
24 own, and the court therefore recommends denial of defendants' motion to dismiss, without
25 prejudice.
26 /////

1  Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this
2 case; and

3  IT IS HEREBY RECOMMENDED that defendants' January 6, 2012 motion to
4 dismiss be denied.

5  These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
7 days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties. Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised
10 that failure to file objections within the specified time may waive the right to appeal the District
11 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: February 28, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;brow0093.mtd