IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY L. BROWN

    Plaintiff,                     No.  2:  11-cv-0093 JAM JFM (PC)

    vs.

J. McCULLOUGH, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. On May 22, 2012, a discovery and scheduling order was issued which permitted discovery until September 3, 2012, and stated that any motions to compel "shall be filed by that date." (Dkt. No. 31 at p. 6.) Pursuant to the prisoner mailbox rule, see Houston v. Lack, 487 U.S. 266, 276 (1988), plaintiff filed a motion to compel discovery on October 14, 2012. Defendant opposes the motion to compel. For the following reasons, the motion to compel discovery will be denied.

        As previously stated, the court issued a discovery and scheduling order which set September 3, 2012 as the discovery cut-off as well as the cut-off period for a party to file a motion to compel. Thus, plaintiff's October 14, 2012 motion to compel is untimely.

        Additionally, plaintiff failed to explain why defendant's discovery responses are inadequate. For example, with respect to several of plaintiff's discovery requests at issue, he

1

simply states that defendant "did not produce documents to produce for inspection and copying." (Dkt. No. 39 at p. 1.)  However, defendant responded to plaintiff's discovery requests.  (See Dkt. No. 40 Exs. A, B, C, D.)  The court will not examine plaintiff's discovery requests and each of defendant's responses in order to determine whether defendant's responses are somehow deficient.  "It is plaintiff's burden to describe why the defendant's particular responses were inadequate."  Bridges v. Hubbard, Civ. No. 09-940 GEB DAD, 2012 WL 1901301, at *2 (E.D. Cal. May 24, 2012) (citing Williams v. Flint, Civ. No. 06-1238 FCD GGH P, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6, 2007).

    Plaintiff also complains that defendant failed to answer interrogatories # 3-17 in his second set of interrogatories.  Defendant responds by arguing that plaintiff reached the maximum number of interrogatories allowed under the Federal Rules of Civil Procedure through his prior interrogatories.  Federal Rule of Civil Procedure 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."  Plaintiff reached the maximum number of interrogatories provided for in the Federal Rules of Civil Procedure through his prior interrogatories.  Furthermore, he did not seek leave of court to exceed that number nor does it appear the parties stipulated to increase the number of interrogatories.  Thus, compelling responses to numbers 3-17 of plaintiff's second set of interrogatories is unwarranted.

    Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel (Dkt. No. 39.) is DENIED.

DATED:  December 7, 2012.

_UNITED STATES MAGISTRATE JUDGE_

14
brow0093.mtc